United States District Court
Southern District of Texas
**ENTERED**
July 11, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANON DOYLE CARTY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. H-23-1129 |
| | § | |
| BRYAN COLLIER, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER
## TO SEVER, TRANSFER, AND DISMISS

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed a lawsuit under

42 U.S.C. § 1983 against Texas Department of Criminal Justice ("TDCJ") Executive Director

Bryan Collier, Allred Unit warden Jim Smith, Allred Unit classification officer Tina Vitola,

and Huntsville ("Walls") Unit correctional officer Priscilla Juarez.

Having screened the complaint as required by 28 U.S.C. §§ 1915(e) and 1915A, the

Court **SEVERS** and **TRANSFERS** plaintiff's claims against defendants Jim Smith and Tina

Vitola, and **DISMISSES** plaintiff's claims against Bryan Collier and Priscilla Juarez for the

reasons shown below.

## I. BACKGROUND AND CLAIMS

Plaintiff claims that, on October 2, 2019, defendant correctional officer Priscilla

Juarez filed false disciplinary charges against him during his incarceration at the Walls Unit

in Huntsville, Texas. Juarez alleged in the charges that plaintiff solicited assistance from

plaintiff's wife, Deann Carty, to bring dangerous contraband into a prison facility. Plaintiff

was found guilty of the charges and sanctioned with temporary administrative segregation, loss of accrued good time credit, a reduction in line class status, loss of recreation and commissary privileges, and removal of Deann Carty from his approved telephone and visitation list. His step 2 grievance appealing the conviction was denied on October 28, 2019.[1]

In the instant lawsuit, plaintiff again claims that the disciplinary conviction was false. He further complains that defendant Bryan Collier "condones the corruptive actions of his subordinates," and failed to investigate plaintiff's claims, "root out corrupt officials," or take remedial action; that defendant Jim Smith "condones the corruptive actions of his subordinates" and failed to investigate plaintiff's claims, "root out corrupt officials," or take remedial action; that defendant Tina Vitola "condones the corruptive actions of supervisors and subordinates," and failed to investigate plaintiff's claims, "root out corrupt officials," or take remedial action; and that defendant Juarez "falsafy's [*sic*] state records and falsafy's [*sic*] disciplinary cases on prison inmates." (Docket Entry No. 1, p. 3.)

As judicial relief, plaintiff seeks a permanent injunction ordering the defendants to "cease the permanent ban on his wife's visitation" and "cease retaliation on plaintiff for exercising his rights for relief." *Id.*; p. 14. He further seeks declaratory relief and monetary damages. *Id.*

---

[1]Plaintiff subsequently filed a federal habeas petition in the United States District Court for the Northern District of Texas, challenging the disciplinary conviction. The court dismissed the petition with prejudice on February 22, 2021. *Carty v. TDCJ–Director*, C.A. No. 5:20-cv-00230-C (N.D. Tex. Feb. 22, 2021).

## II.  SEVERANCE AND TRANSFER OF CLAIMS

Defendants warden Jim Smith and classification officer Tina Vitola are employed at the Allred Unit, and plaintiff's claims against these defendants arose at the Allred Unit. The Allred Unit is located in Wichita County, Texas, which is within the jurisdiction of the United States District Court for the Northern District of Texas, Wichita Falls Division.

In the interest of justice and for the convenience of the parties and witnesses, plaintiff's claims against defendants Jim Smith and Tina Vitola are **ORDERED SEVERED** from this lawsuit and **TRANSFERRED** to the United States District Court for the Northern District of Texas, Wichita Falls Division. 28 U.S.C. §§ 1391(b), 1404(a).

Plaintiff is advised that upon transfer of the claims to the Northern District of Texas, a separate case will be opened and docketed under a new cause number by that court and plaintiff will be required to pay a separate filing fee for the new case. All further communications and pleadings regarding plaintiff's claims against defendants Smith and Vitola must be filed with the Northern District of Texas.

## III.  LEGAL STANDARDS

Plaintiff's complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A, which provide for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

3

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's well-pleaded factual allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995); *Bradley v. Puckett*, 157 F.3d at 1025. The Court will not, however, accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

To state a claim upon which relief may be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v.*

4

*Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility

that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. Dismissal "is warranted

if the complaint does not contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724,

734 (5th Cir. 2019) (cleaned up).

## IV. ANALYSIS

The Court retains jurisdiction over plaintiff's claims against defendants Bryan Collier

and Priscilla Juarez. His claims against these defendants arise from the allegedly false

disciplinary proceedings, and will be dismissed for the reasons shown below.

A.     Official Capacity Claims

Plaintiff seeks, in part, monetary damages from defendants Collier and Juarez in their

official capacities as officers and employees of TDCJ, a state agency.

The Eleventh Amendment of the United States Constitution bars suits by private

citizens against a state in federal court. *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*,

662 F.3d 336, 340 (5th Cir. 2011); *K.P. v. Leblanc*, 627 F.3d 115, 124 (5th Cir. 2010); *see*

U.S. CONST. amend. XI. Federal claims against state employees in their official capacities

are the equivalent of suits against the state. *Will v. Michigan Dep't of State Police*, 491 U.S.

58, 71 (1989). The Eleventh Amendment immunity bar is in effect when, as in the instant

case, state officials are sued for monetary damages in their official capacities. *Kentucky v.*

*Graham*, 473 U.S. 159, 169 (1985). Thus, section 1983 claims for monetary damages

5

brought against state officials in their official capacities are barred under the Eleventh Amendment. *Will*, 491 U.S. at 71.

Plaintiff's claims for monetary damages against defendants Bryan Collier and Priscilla Juarez in their official capacities are **DISMISSED WITHOUT PREJUDICE** as barred by Eleventh Amendment sovereign immunity.

B.    Supervisory Capacity Claims

Plaintiff claims that defendant Collier is liable in his supervisory capacity for "condon[ing] the corruptive actions of his subordinates" and failing to "root out corrupt officials." Because plaintiff seeks to impose liability against Collier based on the actions or inactions of other TDCJ employees, his claims have no merit under section 1983.

A defendant's personal involvement is an essential element of a civil rights cause of action, *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983), and vicarious liability has no application to section 1983 claims. *Pierce v. Texas Dept't of Crim. Justice*, 37 F.3d 1146, 1150 (5th Cir. 1994). Thus, supervisory officials may be held liable under section 1983 "only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992). In other words, to the extent that plaintiff in this case seeks to name defendant Collier as a supervisory official, he must allege facts sufficient to demonstrate either personal involvement by Collier in the events made the

basis of this lawsuit or Collier's implementation of a specific policy that gave rise to an alleged violation of plaintiff's constitutional rights.

Plaintiff pleads no factual allegations establishing that defendant Collier had any personal involvement in plaintiff's disciplinary proceedings or appeals. He also fails to allege any specific policy for which Collier is responsible and that such policy gave rise to an alleged constitutional violation. Thus, plaintiff's claims against Collier must be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Plaintiff's supervisory claims against Collier are **DISMISSED WITHOUT PREJUDICE** for failure to raise a viable claim for relief under section 1983.

C.     Denial of Grievances

Plaintiff claims that Juarez denied him due process by failing to investigate and properly resolve his grievances, and that Collier denied him due process by failing to investigate and remedy his informal complaints. Plaintiff's claims are meritless. Prisoners enjoy no federally protected liberty interest in having prison grievances or informal complaints investigated or resolved to their satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *see also Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007).

Plaintiff's claims against Collier and Juarez for their failure to investigate and grant his grievances and informal complaints are **DISMISSED WITH PREJUDICE** for failure to raise a viable claim for relief under section 1983.

7

D.    *Heck* Bar

Plaintiff seeks declaratory and injunctive relief with monetary compensation for the allegedly false disciplinary conviction and ensuing loss of privileges. As noted above, plaintiff's federal habeas petition challenging the disciplinary conviction was dismissed with prejudice in February 2021 by the Northern District of Texas. Plaintiff did not appeal the dismissal, and the disciplinary conviction remains valid.

Plaintiff's claims are barred under the Supreme Court of the United State's holding in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). *Heck* bars any cause of action under section 1983, regardless of the type of relief sought, that would necessarily imply the invalidity of a plaintiff's conviction, unless the conviction has previously been invalidated through proper channels. *Id.* The *Heck* doctrine also operates to bar prisoners from seeking injunctive relief or otherwise challenging the sanctions imposed by an administrative disciplinary proceeding through a section 1983 action. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that a prisoner's claim for declaratory relief and money damages, based on allegations that necessarily imply the invalidity of the disciplinary sanctions imposed, is not cognizable under section 1983); *Clarke v. Stalder*, 154 F.3d 186, 189–91 (5th Cir. 1998) (en banc) (applying *Heck* to bar a prisoner's constitutional claims for injunctive relief that were fundamentally intertwined with his disciplinary conviction).

The claims alleged in plaintiff's complaint in this case are inextricably linked to the validity of his disciplinary conviction and related sanctions. Thus, before he can pursue his

8

claims for declaratory and injunctive relief and damages, he must first show that the disciplinary conviction has been reversed on appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. Because plaintiff has not shown that his disciplinary conviction has been overturned or invalidated through proper channels, his civil rights claims arising from the conviction and sanctions are barred by *Heck*.

Plaintiff's claims against defendants Collier and Juarez for declaratory and injunctive relief with monetary damages predicated on a false disciplinary proceeding and related sanctions are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met.

E.    Falsification of Records

To the extent plaintiff claims that defendant Juarez falsified state records and disciplinary cases on prisoners and failed to follow prison policies and regulations, his conclusory claims are unsupported by factual allegations. Regardless, no issue of a constitutional dimension is raised. *See Samford v. Dretke*, 562 F.3d 674, 681 (5th Cir. 2009) (per curiam) ("[A] prison official's failure to follow the prison's own policies does not, itself, result in a constitutional violation."); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (dismissing prisoner's claim that defendants falsified grievances because such action does not constitute a constitutional violation). To any extent plaintiff is basing his claim on Juarez's filing of allegedly false disciplinary charges, his claim is barred by *Heck*.

9

Plaintiff's claims against Juarez are **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief can be granted under section 1983. In the alternative, his claims are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met.

      F.      <u>Retaliation</u>

In order to assert an actionable retaliation claim, a prisoner must show "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McFaul v. Valenzuela*, 684 F.3d 564, 578 (5th Cir. 2012). The prisoner must plead sufficient factual allegations showing that but for the retaliatory motive, the action complained of would not have occurred. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997); *Woods*, at 1166. The prisoner must either produce direct evidence of the defendant's motivation to retaliate or "allege a chronology of events from which retaliation may plausibly be inferred." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "A prisoner who brings a retaliation claim bears a heavy burden that may not be satisfied with conclusional allegations or his own personal beliefs." *Williams v. Dretke*, 306 F. App'x 164, 167 (5th Cir. 2009). Courts must take a skeptical view of retaliation claims to avoid "embroiling themselves in every disciplinary act" imposed by prison officials. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006).

10

Plaintiff's singular reference to retaliation in his complaint appears as follows:

Where in [*sic*] the defendants Bryan Collier, Jim Smith, Tina Vitola, and Priscilla Juarez corruptive actions continue to violate plaintiff's rights and causing [him] emotional suffering and distress. And *by threatening to retaliate* again on the plaintiff if he seeks to exercise his rights to seek redress from the corrupt officers the the [*sic*] grievance system and on [or] the federal court unlawfully violates the plaintiffs [*sic*] rights again over and over.

(Docket Entry No. 1, p. 13, ¶ 28.) As judicial relief, plaintiff asks the Court to order the defendants to "cease retaliation on plaintiff for exercising his rights for relief."

Plaintiff pleads no factual allegations giving rise to a specific retaliatory act by Juarez or Collier. To the extent plaintiff claims that Collier and Juarez *threatened* to retaliate against him, no actionable claim for retaliation is raised. *See, e.g.*, *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (holding that an actionable claim for retaliation requires a retaliatory adverse act and causation).

It is unclear whether plaintiff is claiming that Collier and Juarez retaliated against him in context of the disciplinary proceedings or in context of the grievance procedures. Under the liberal construction requirements of *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court will address both of these possibilities.

*i.    Disciplinary Charges and Conviction*

When retaliation is alleged in context of a disciplinary conviction, an inmate need not show that the conviction has been overturned. *See Woods*, 60 F.3d at 1164–65; *see also Hanna v. Maxwell*, 548 F. App'x 192, 196 (5th Cir. 2013). A retaliation claim focuses not on the merits of the disciplinary proceeding but on the retaliatory "interference, asking only

11

whether there has been an obstruction of the exercise of a constitutional right." *Woods*, 60 F.3d at 1165. The "concern is whether there was retaliation for the exercise of a constitutional right, separate and apart from the apparent validity of the underlying disciplinary" conviction. *Id.*

The Court has given plaintiff's complaint a liberal construction under *Haines*; nonetheless, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "even a liberally-construed *pro se* complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988).

Plaintiff in this instance does not plead factual allegations claiming that the disciplinary charges or conviction were retaliatory. To the contrary, plaintiff claims that Juarez brought the disciplinary charges against him "to harras [*sic*] him and get information out of him, that in fact he did not have on other inmates that just because he had known several biker gangs when he worked as a manager at a few drinking bars in the free world." (Docket Entry No. 1, p. 9.) According to plaintiff, Juarez threatened to "lock up" his wife in prison if plaintiff did not provide information on other drug-dealing inmates. In response, plaintiff threatened to have his family complain to the unit office. Plaintiff was later found guilty of the charges and sanctioned with loss of good time credits, line status, and privileges. Plaintiff makes no claim that his wife was imprisoned, and no retaliatory adverse act is

12

pleaded. Plaintiff's own grievance exhibits show that he admitted his guilt and his wife's involvement to grievance officials (although he later claimed his admission was false for various reasons), and that his wife was removed from his approved telephone and visitation list because she had been involved in the events made the basis of the disciplinary conviction.

Moreover, plaintiff's inconsistent assertions regarding his guilt and his wife's involvement, and his disagreements with the sufficiency of the evidence presented at the disciplinary hearing, fall well short of demonstrating retaliatory causation as to the disciplinary conviction itself. In short, plaintiff pleads no factual allegations sufficient to demonstrate a motivation to retaliate by Juarez or Collier or a chronology of events from which retaliation may be plausibly inferred. No causation is shown under *Woods*, and plaintiff's complaint raises no actionable claim for retaliation in context of his disciplinary proceedings.

### ii.    *Administrative Grievances*

Further, plaintiff raises no viable claim for retaliation in context of his administrative grievance procedures. Specifically, he fails to allege sufficient facts which, taken as true, state a retaliation claim against defendants Collier and Juarez which is plausible on its face, and thus he does not raise a right to relief above the speculative level. Although plaintiff asserts in conclusory terms that his grievances were wrongfully denied, he pleads no factual allegations supporting a claim that the grievances were denied solely for retaliatory purposes.

### *iii.    Limitations*

Even assuming plaintiff's complaint raised viable claims for retaliation, his complaint

shows on its face that the claims are barred by the applicable two-year statute of limitations.

Because section 1983 has no statute of limitations provision, the courts look to the state

statute of limitations in personal injury cases. *Owens v. Okure*, 488 U.S. 235, 236 (1989).

The applicable limitations period in Texas is two years. *Gonzales v. Wyatt*, 157 F.3d 1016,

1020 (5th Cir. 1998). Plaintiff's allegations indicate that, prior to the disciplinary hearing,

he was approached by Juarez at the Walls Unit asking for information regarding other drug-

dealing prisoners. He informed them that the charges were bogus and that he had no such

information, and he threatened to have his family call the unit office. He was subsequently

found guilty of the disciplinary charges. These events occurred in October 2019, including

the denial of plaintiff's step 2 appeal of the conviction, and limitations expired at the latest

two years later in October 2021. Plaintiff did not file this lawsuit until March 2023, well

after expiration of limitations.[2]

Plaintiff's retaliation claims against defendants Collier and Juarez are **DISMISSED**

**WITH PREJUDICE** as barred by the applicable two-year statute of limitations.

---

[2]In pleading factual allegations showing exhaustion of his administrative remedies, plaintiff refers to, and includes a copy of, a letter dated January 7, 2022, sent by the Texas *Board* of Criminal Justice – Office of the Independent Ombudsman to a third-party. (Docket Entry No. 1-1, p. 9.) Plaintiff pleads no factual allegations supporting a claim that the letter was retaliatory or that defendants Collier or Juarez had any personal involvement with the letter.

14

## V. CONCLUSION

The Court **ORDERS** as follows:

1.  Plaintiff's claims against defendants Jim Smith and Tina Vitola are **SEVERED** from this lawsuit and **TRANSFERRED** to the United States District Court for the Northern District of Texas, Wichita Falls Division.

2.  Plaintiff's claims for monetary damages against defendants Bryan Collier and Priscilla Juarez in their official capacities are **DISMISSED WITHOUT PREJUDICE** as barred by Eleventh Amendment sovereign immunity.

3.  Plaintiff's claims against defendant Bryan Collier in his supervisory capacity are **DISMISSED WITHOUT PREJUDICE** for failure to raise a viable claim for relief under section 1983.

4.  Plaintiff's claims against defendants Bryan Collier and Priscilla Juarez for failure to investigate and remedy his administrative grievances and informal complaints are **DISMISSED WITH PREJUDICE** for failure to raise a viable claim for relief under section 1983.

5.  Plaintiff's claims against defendants Bryan Collier and Priscilla Juarez for declaratory and injunctive relief and monetary damages predicated on a false disciplinary conviction are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met.

6.  Plaintiff's claims against defendant Priscilla Juarez for falsification of records are **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief can be granted under section 1983. In the alternative, the claims are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met.

7.  Plaintiff's claims against defendants Bryan Collier and Priscilla Juarez for retaliation are **DISMISSED WITH PREJUDICE** as barred by the applicable two-year statute of limitations.

8.      Any and all pending motions are **DISMISSED AS MOOT**

9.      This dismissal constitutes a strike for purposes of section 1915(g).

Signed at Houston, Texas, on this the 10th day of July, 2023.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

16